**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LAWRENCE L. KELLY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **CIVIL ACTION** |
| | )  **No: 09-2188-KHV** |
| **MYRTLE WILSON,** | ) |
| **et al.,** | ) |
| **Defendants.** | ) |
| _____ | ) |

**<u>MEMORANDUM AND ORDER</u>**

Lawrence L. Kelly, pro se, filed this action on April 14, 2009 against the United States

Department of Housing and Urban Development ("HUD") and HUD employees Myrtle Wilson and

Bryan Green. Kelly alleges that defendants violated the Fair Housing Act, 42 U.S.C. §§ 3601 et

seq., and seeks damages in excess of $3,000,000. This matter is before the Court on plaintiff's

<u>Motion for Default Judgment</u> (Doc. #8) filed July 15, 2009. On July 24, 2009, defendants filed a

response to plaintiff's motion. <u>See</u> Doc. #9. For reasons set forth below, the Court finds that

plaintiff's motion should be overruled.

Plaintiff asks the Court to enter default judgment against defendants for failing to timely

plead or otherwise defend. <u>See</u> Rule 55, Fed. R. Civ. P.[1]   Plaintiff may not proceed directly to

---

[1]   Rule 55, Fed. R. Civ. P. provides in part as follows:

(a) Entering a Default. When a party against whom a judgment for
affirmative relief is sought has failed to plead or otherwise defend,
and that failure is shown by affidavit or otherwise, the clerk must
enter the party's default.

(b) Entering a Default Judgment.

(1) By the Clerk. If the plaintiff's claim is for a sum certain or a
sum that can be made certain by computation, the clerk – on the
plaintiff's request, with an affidavit showing the amount due –

(continued...)

default judgment, however,  before receiving an entry of default.  <u>Sheldon v. Khanal</u>, No. 07-2112-KHV, 2007 WL 2213540, at *2 (D. Kan. Aug. 1, 2007).  Rule 55 contemplates a two-step process by which a party first receives an entry of default under Rule 55(a) and then applies for default judgment under Rule 55(b).  <u>Id.</u> (citing <u>Williams v. Smithson</u>, 57 F.3d 1081 (Table), 1995 WL 365988, at *1 (10th Cir. June 20, 1995)).  Because plaintiff cannot proceed directly to default judgment, the Court construes his motion as one for entry of default rather than one for default judgment.  <u>See</u> <u>Life Ins. Co. of N. Am. v. Jenkins-Dyer</u>, No. 08-2129 KHV, 2009 WL 297481, at *3 (D. Kan. Feb. 6, 2009).

Plaintiff asserts that defendants have failed to plead or otherwise defend.[2]  <u>See</u> Doc. #8; Rule 55(a), Fed. R. Civ. P.  A party has no duty to plead until properly served, however, and plaintiff must show sufficient service of process as a prerequisite to entry of default.  <u>See</u> <u>Petersen v. Carbon County</u>, 156 F.3d 1244 (Table), 1998 WL 458555, at *4 (10th Cir. Aug. 6, 1998).  Plaintiff does not contend that he has served defendants,[3] and defendants assert that plaintiff therefore is not entitled

---

[1](...continued)
> must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment . . . .

[2]  Plaintiff's motion states in its entirety as follows:

> The Defendants have failed to plead or defend – defaulted for not appearing.  The Defendants who are neither a minor or incompetent persons, refuse to comply.  The Plaintiff Pro Se, Lawrence L. Kelly has made every effort to resolve this matter of Housing Discrimination with the Defendants.  The Plaintiff claims Punitive Damages in the amount of $3,500,000.00 dollars from the Defendants, Myrtle Wilson, Bryan Greene, and the U.S. Department of Housing And Urban Development.

<u>See</u> Doc. #8.

[3]  The Court notes that defense counsel entered an appearance on July 24, 2009.

to entry of default.  See Fed. R. Civ. P. 4(I).[4]  Because plaintiff has not shown that he has properly

served defendants, the Court finds that he is not entitled to entry of default.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Default Judgment (Doc. #8)

filed July 15, 2009, which the Court construes as a motion for entry of default, be and hereby is

**OVERRULED**.

---

[4]     Rule 4(I), Fed. R. Civ. P., provides for service of the United States, its agencies, corporations, officers or employees as follows:

(I) Serving the United States and Its Agencies, Corporations, Officers, or Employees.

(1) United States. To serve the United States, a party must:
(A)(I) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or  (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

(3) Officer or Employee Sued Individually. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also  sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

**IT IS FURTHER ORDERED** that on or before October 13, 2009, plaintiff shall file proof

of service of defendants.[5]

Dated this 29th day of September, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[5]      In their response to plaintiff's motion for default judgment, defendants assert that plaintiff's claims are barred by sovereign immunity or otherwise fail to state a claim upon which relief might be granted.  These arguments are properly raised in a motion to dismiss, and the Court does not address them at this time.