DJW/1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LAWRENCE L. KELLY,**

                **Plaintiff,**

v.                                                         **CIVIL ACTION**

                                                              **No. 09-2188-KHV-DJW**

**MYRTLE WILSON, et al.,**

                **Defendants.**

### MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Stay Discovery and Cancel Scheduling Conference (doc. 17) ("Motion to Stay"). Defendants ask the Court to stay all discovery and other Rule 26 pretrial proceedings and to continue the February 17, 2010 Scheduling Conference, until such time as the Court has ruled on Defendants' Motion to Dismiss (doc. 15).

Plaintiff has filed no opposition to the Motion to Stay. The Court therefore grants the motion as uncontested.[1] Even if the Court were to consider the Motion to Stay on its merits, the Court would grant the motion for the reasons set forth below.

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[2] As a general rule, courts in the District of Kansas do not favor staying

---

[1] Pursuant to D. Kan. Rule 7.4, if a party fails to file a response within the time required, the Court may consider it uncontested and deny it without further notice.

[2] *Yeahquo v. City of Lawrence*, No. 07-4097-RDR, 2007 WL 3046538, at *1 (D. Kan. Oct. 17, 2007); *Gonzalez v. Pepsico, Inc.*, No. 06-2163-KHV, 2007 WL 1100204, at *1 (D. Kan. Apr. 11, 2007).

pretrial proceedings even though dispositive motions are pending.[3] An exception to this policy is made when the party requesting the stay has filed a dispositive motion asserting absolute or qualified immunity.[4] Defendants in this case have asserted the defense of sovereign immunity and have filed a Motion to Dismiss based on their assertion of sovereign immunity. Sovereign immunity is considered "absolute immunity" from suit.[5]

The Supreme Court has held that "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[6] Because sovereign immunity is an immunity from suit and not a mere defense to liability, "the immunity is effectively lost if a case is erroneously permitted to proceed to trial."[7]

All of the Defendants have asserted sovereign immunity as a basis for dismissing this action against them. The Court therefore finds they are entitled to a stay pending a ruling on their Motion

---

[3]*Yeahquo,* at \*1; *Gonzalez,* 2007 WL 1100204, at \*1; *Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[4]*Alpine Atl. Asset Mgmt. AG v. Comstock*, No. 07-2595-JWL-DJW, 2008 WL 618627, at \*1 (D. Kan. Mar. 3, 2008); *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist.* No. 202, No. 05-2522-CM-DJW, 2006 WL 681124, at \*1 (D. Kan. Mar. 14, 2006).

[5]*Watts v. U. S. Fed. Bureau of Prisons,* No. 9:07-CV-773, 2009 WL 81285, at \*5 (N.D. N.Y. Jan. 9, 2009) ("Absent a waiver from suit the United States, as a sovereign entity, is entitled to absolute immunity from suit . . . .") (citing *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980)).

[6]*See Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

[7]*Id*. (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

to Dismiss. Furthermore, the Court finds that a stay would strike a proper balance between conserving resources and providing Plaintiff access to the courts.[8]

In light of the foregoing, the Court grants Defendants' Motion to Stay. All pretrial and Rule 26 proceedings, including the parties' planning conference, Rule 26(a)(1) disclosures, and discovery, are hereby stayed until the Court has ruled on the pending Motion to Dismiss (doc. 15). In addition, the February 17, 2010 Scheduling Conference is cancelled and will be rescheduled, if necessary, after the Court has issued its ruling on the Motion to Dismiss. The stay, however, shall *not* apply to briefing on the Motion to Dismiss.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay (doc. 17) is granted as set forth above.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 27th day of January, 2010.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and pro se parties

---

[8] *See Mayberry v. Envtl. Protection Agency*, No. 06-2575-CM-DJW, 2008 WL 104208, at *1 (Jan. 9, 2008) (entering a stay pending ruling on motion to dismiss after balancing the need to conserve resources against plaintiff's need for accessing the courts).