# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAWRENCE L. KELLY, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 09-2188-KHV-DJW** |
| MYRTLE WILSON, et. al., ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Lawrence L. Kelly, pro se, filed this action on April 14, 2009 against the United States Department of Housing and Urban Development ("HUD") and HUD employees Myrtle Wilson and Bryan Greene. Civil Complaint (Doc. #1) filed April 14, 2009. Kelly alleges that defendants violated the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 et seq., and seeks damages in excess of $3,000,000. This matter is before the Court on Defendants' Motion To Dismiss (Doc. #15) filed January 8, 2010. For reasons set forth below, the Court finds that defendants' motion should be sustained.

## Standards For Motion To Dismiss Under Rule 12(b)(5)

Defendants seek dismissal of plaintiff's claims under Fed. R. Civ. P. 12(b)(5). Pursuant to Fed. R. Civ. P. 12(b)(5), the Court may dismiss a complaint for insufficient service of process. A plaintiff is responsible for serving both a summons and a complaint on all named defendants within 120 days after the Complaint is filed. Fed. R. Civ. P. 4(m). Absent good cause for failure to serve a defendant within that time period, the Court must dismiss the action against the un-served defendant without prejudice. Id. A plaintiff's decision to proceed pro se does not relieve him of the responsibility to comply with Fed. R. Civ. P. 4. Dicesare v. Stuart, 12 F.3d 973, 980 (10th Cir.

1993).

For insufficient service of process, the court may either dismiss the parties or order the plaintiff to make progress in their claims by furtherance of service. See Higginson v. Wood, No. 06-2055, 1999 WL 760272, at *2 (D. Kan. July 23, 1999) (dismissing plaintiff's claims for failure to secure service of process); Williams v. Bd. of County Comm'rs of Johnson County, Kan., No. 06-2055, 2006 WL 2385342, at *6 (D. Kan. Aug. 17, 2006) (allowing plaintiff to re-serve defendants pursuant to Fed. R. Civ. P. 4). In opposing a motion to dismiss for insufficient service of process, plaintiff bears the burden to make a prima facie case that he has satisfied statutory and due process requirements so as to permit the Court to exercise personal jurisdiction over defendants. See Bernard v. Husky Truck Stop, No. 93-2241, 1994 WL 171732, at *1 (D. Kan. Apr. 20, 1994), aff'd, 45 F.3d 439 (10th Cir. 1995). The parties may submit affidavits and other documentary evidence for the Court's consideration, and plaintiff is entitled to the benefit of any factual doubt. See id.

**Factual and Procedural Background**

Plaintiff alleges the following facts which the Court accepts as true for purposes of this motion. Plaintiff qualified for financial assistance from the Topeka Housing Authority ("THA") because he was unable to work due to depression.[1] Doc. #1-4. Plaintiff and his 28 year old son, Michael L. Buchanan, lived in Section 8 housing at 825 SW Lane, Topeka, Kansas. Doc. #1-4. On March 3, 2004, both plaintiff and Buchanan signed a voucher addendum which states that no tenant or member of the tenant's household shall engage in drug related activity in, on or near the tenant's dwelling. Doc. #1-1. The addendum further states that violations of this voucher are good cause for

---

[1] In February of 2004, Kansas Social Rehabilitation Services ("SRS") found plaintiff disabled. Doc. #1-4.

termination of the voucher and subsidy. Doc. #1-1.

On April 21, 2004, police arrested Buchanan for possession of cocaine with intent to sell, possession of marijuana, failure to pay a drug tax, possession of drug parapharnelia and obstruction of justice. Doc. #1-1. The arrest occurred approximately ten blocks from plaintiff's Section 8 housing. Docs. ##1-1, 1-4. Buchanan received a diversion, probation and community service. Doc. #1-4. On April 28, 2004, THA gave plaintiff notice that due to Buchanan's arrest, his Section 8 file was closing on May 31, 2004. Doc. #1-1.

On May 28, 2004, THA held an administrative hearing to review the decision to evict plaintiff. Doc. #1-1. On June 22, 2004, plaintiff filed a fair housing complaint against THA employee Don Miller and the Topeka Police Department alleging discrimination based on race, sex, handicap and national origin. Doc. #1-1. HUD Civil Rights Investigator, Laffyette Lockhart, investigated plaintiff's eviction. Doc. #1-1. HUD found no evidence to support plaintiff's claims that THA evicted him on the basis of race, sex or disability. Doc. #1-3. On December 6, 2004, HUD closed the case with a "no reasonable cause" determination. Doc. #1-3.

On October 18, 2006 plaintiff asked HUD to reconsider the dismissal of his housing discrimination complaint. Doc. #1-2. On December 21, 2006, HUD concluded that the "no reasonable cause" determination was appropriate and consistent with the full evidentiary record.[2] See Doc. #1-2 (investigation revealed that respondent acted in accordance with its policies and HUD regulations 24 C.F.R. § 982.553.) (Public Housing Authority may terminate assistance for family

---

[2] 24 C.F.R. § 982.553 (2008). HUD investigators also found that HUD had terminated one white male resident and two white female residents based on the same drug-related circumstances within the relevant time period. Doc. #1-2. HUD found no records that respondent knew or should have known that plaintiff had a disability. Doc. #1-2. For these reasons, HUD affirmed the "no reasonable cause" determination in this case. Doc. #1-2.

under Section 8 program if it determines that any member of household has engaged in drug-related criminal activity). Doc. #1-2.

From October of 2006 through April of 2009, plaintiff repeatedly corresponded with HUD employees, including Myrtle Wilson and Bryan Greene, concerning the circumstances of his eviction. Docs. ##1-2, 1-3. The HUD employees informed plaintiff that HUD had completed its review and could take no further action. Docs. ##1-2, 1-3.

On April 14, 2009, plaintiff filed his complaint against HUD and HUD employees Wilson and Greene. Doc. #1. Plaintiff alleges that defendants violated his rights under the FHA. Doc. #1.

In documents that plaintiff filed after the complaint, plaintiff also states that defendants discriminated against him on the basis of race, sex and disability, and conspired with federal judges to uphold THA's eviction. Docs. ##1-1, 1-2, 1-4. He also asserts that defendants intimidated him and failed to accommodate his disability. Doc. #1-4. Plaintiff further states that Wilson fraudulently stated that THA would engage in conciliation with plaintiff and lied by stating that "PHA may terminate the housing assistance of a family, if a member has engaging any drug-related criminal activity." Doc. #1-4.

Plaintiff alleges that Greene ignored police reports that plaintiff sent him. Doc. #1-4. Plaintiff also alleges that defendants deprived him of his First and Fourteenth Amendment rights under the U.S. Constitution, cheated him out of utility allowance and damaged his reputation and credibility. Doc. #1-4.

On April 22, 2009, the Court granted plaintiff's pro se motion to proceed in forma pauperis. Docs. ##2, 3. On May 4, 2009, plaintiff sent a copy of the complaint and summons to HUD, Wilson and Greene by certified mail addressed to the Kansas City Regional Office of FHEO, HUD.

4

Docs. ##5, 6, 7. On July 15, 2009, plaintiff filed a motion for default judgment alleging that defendants had failed to timely file a responsive pleading. Doc. #8.

In response, defendants argued that plaintiff was not entitled to default judgment because plaintiff had not properly served defendants.[3] Doc. #9. Specifically, defendants noted that plaintiff had not served the United States Attorney for the District of Kansas as required by Fed. R. Civ. P. 4(i), and therefore, the time for defendants to file a responsive pleading had not yet commenced. Doc. #9. On September 29, 2009, the Court overruled plaintiff's motion for default judgment and ordered plaintiff to file proof of service of defendants on or before October 13, 2009. See Doc. #11. Plaintiff responded by stating that he did not believe he had to send "any papers out since the defendants did not answer." See Plaintiff's Response To Court Order To Service Defendants With Papers Filed For Default Judgment (Doc. #13) filed October 7, 2009.

Defendants filed a motion to dismiss, asserting, inter alia, that despite the Court's order, plaintiff had still not properly served defendants under Rule 4(i).[4] See Defendants' Motion To Dismiss (Doc. #15) filed January 8, 2010, Memorandum In Support Of Defendants' Motion To Dismiss (Doc. #16) filed January 8, 2010. Plaintiff filed a response which in its entirety states as follows:

> "Lawrence L. Kelly, pro se, sees no reason to dismiss this case. So the
> defendants are not excused. This case doesn't lack anything. It's

---

[3] In addition, defendants argued that plaintiff had not procured entry of default, and that plaintiff could not obtain default judgment against the United States and employees. Doc. #9. Defendants also asserted sovereign immunity. Doc. #9.

[4] Defendants argue that they are entitled to dismissal of plaintiff's claims because (1) plaintiff has failed to properly serve all defendants; (2) the Court lacks subject matter jurisdiction because defendants are entitled to sovereign immunity; (3) plaintiff has failed to state a claim; and (4) in the alternative, defendants are entitled to qualified immunity. See Doc. #16.

5

loaded with evidence. Where is the defendants proof of evidence? HUD officials got caught. The defendants don't know what they are talking about."[5]

Plaintiff's Response to Defendants' Motion to Dismiss (Doc. #18) filed January 22, 2010.

## **Analysis**

Defendants argue that the Court should dismiss plaintiff's claim under Fed. R. Civ. P. 12(b)(5) for insufficient service of process according to Fed. R. Civ. P. 4(i). Doc. #16. See Fed. R. Civ. P. 4(i)[6] (insufficient service includes serving wrong person or serving individual not authorized

---

[5] On February 5, 2010, plaintiff filed Default Judgment Federal Rule of Civil Procedure 55 (Doc. #22) which again states that the defendants have failed to file a responsive pleading. Plaintiff stated that the Court cannot "restart this case and order plaintiff to serve the defendants by certified mail for 'default judgment' after the fact." Doc. #22. In response, defendants filed a motion to strike arguing that plaintiff's notice of default judgment was improper and not authorized or appropriate under the Federal Rules of Civil Procedure, and again, urged the Court to dismiss the case for reasons stated in Defendants' Motion to Dismiss (Doc. #15). See Doc. #24

On April 6, 2010, the court sustained Defendants' Motion to Strike Paintiff's "Default Judgment Federal Rule of Civil Procedure 55" [Doc. #22] (Doc. #24). Doc. #25.

[6] Rule 4(I), Fed.R.Civ.P., provides for service of the United States, its agencies, corporations, officers or employees as follows:

> (I) Serving the United States and Its Agencies, Corporations, Officers or Employees.
> (1) United States. To serve the United States, a party must:
> (A)(I) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought-or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk-or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at

(continued...)

6

to accept service for defendant.); James Wm. Moore, 2 Moore's Federal Practice 3d § 12.33[4] at 12-54 (3d ed. 1997). Specifically, defendants argue that plaintiff has failed to serve the defendants as required by Fed. R. Civ. P. 4(i).[7] Doc. #16. The Court agrees.

To serve a United States agency or a United States employee under Fed. R. Civ. P. 4(i), a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer or employee. To serve the United States, a party must deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought, or to others designated by Fed. R. Civ. P. 4(i)(1)(A)(I). A party must also send a copy of each by registered or certified mail to the Attorney General of the United States at Washington D.C. See Fed. R. Civ. P. 4(i)(1)(B).

---

[6](...continued)
>     Washington, D.C.; and
>     (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>     (2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer or employee...

[7] Under the Federal Rules of Civil Procedure, a defendant may waive formal service of process by executing a waiver of process and returning the waiver to plaintiff. See Fed. R. Civ. P. 4(d). To effect such a waiver, plaintiff must file the executed waiver with the Court. See Bernard, 1995 WL 4087, at * 1 (compliance with Rule 4(d) requires plaintiff to file waiver with court). Here, the record contains no evidence that the United States executed a waiver of service and plaintiff has not filed any such waiver with the Court.

7

On May 5, 2009, plaintiff sent a copy of the complaint and summons to HUD, Wilson and Greene by certified mail addressed to the Kansas City Regional Office of FHEO, HUD. Docs. ##5, 6, 7. Rule 4(i), however, requires those suing a United States agency or employee to serve the United States according to Fed. R. Civ. P. 4(i)(1). Defendants argue that because plaintiff did not serve the United States attorney for the District of Kansas, service is incomplete. Docs. ##9, 16.

Plaintiff argues that the case should not be dismissed because he believes he has properly served all defendants as according to law. Doc. #23. Plaintiff asserts that the case is not against the United States, but rather "a private act to sue HUD," a government agency. Doc. #23. Plaintiff responded to defendants' motion to dismiss by filing Plaintiff's Response To Defendants' Motion To Dismiss (Doc. #18) which stated that he "sees no reason to dismiss this case."

In Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995), the Tenth Circuit set out the inquiry a district court should make before dismissing a claim for failure to serve process: "The preliminary inquiry under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted."

As for good cause, here, on September 29, 2009, the Court overruled plaintiff's motion for default judgment and ordered plaintiff to file proof of service to all defendants. Doc. #11. The Court in its order set out the requirements as provided in Fed. R. Civ. P. 4(i). Doc. #11. In response, plaintiff stated, "Lawrence L. Kelly is sorry for this mishap with service of papers. I am not a trained

attorney. I didn't believe I had to send any papers out since the defendants did not answer." Doc. #13. Thereafter, plaintiff did not attempt to serve the United States or the other defendants. The Court therefore finds plaintiff did not show good cause for failure to comply with Rule 4(i).

Even though plaintiff has not shown good cause, the Court may grant him a permissive extension of time. Espinoza, 52 F.3d at 841. Here, however, plaintiff has not only had a chance to respond to the Court's order, but has also responded to the defendants' motion to dismiss. Despite these opportunities, plaintiff has not even attempted to complete proper service. The Court therefore finds that a permissive extension is not warranted. See Byrd v. Sam's Club, No. 05-2020, 2006 WL 1009250, at *2 (D. Kan. Apr. 18, 2006) (denying permissive extension of time and dismissing plaintiff's claims when plaintiff had over year to effect service of process, had failed to do so or even attempt to do so, and had utterly failed to explain failure to effect service of process).

**IT IS THEREFORE ORDERED** that Defendants' Motion To Dismiss (Doc. #15) filed January 8, 2010 be and hereby is **SUSTAINED**. Plaintiff's claims be and hereby are **DISMISSED** without prejudice.

Dated this 30th day of June, 2010, at Kansas City, Kansas.

>s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge