DJW/1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**LAWRENCE L. KELLY,**

**Plaintiff,**

**v.**

**CIVIL ACTION**

**No. 09-2188-KHV-DJW**

**MYRTLE WILSON, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's "Motion for Kansas Attorney General to Intervene" (doc. 36). For the reasons set forth below, the Motion is denied.

## I. Nature of the Matter Before the Court and Background Information

Plaintiff brings this action *pro se*, asserting claims for violation of the Fair Housing Act, 42 U.S.C. § 3601, *et seq*. On June 30, 2010, the District Judge granted Defendants' Motion to Dismiss, and judgment was entered in favor of all Defendants.[1] Plaintiff filed a motion to reconsider that ruling on July 13, 2010, which is still pending before the Court.

On July 26, 2010, Plaintiff filed the instant Motion to Intervene, in which he requests that the Kansas Attorney General be allowed to intervene. In support of his motion he states: " I think the Kansas Attorney General should know about the corruption going on in the District of Kansas."[2]

[1] *See* Mem. and Order (doc. 30) and Judgment (doc. 31).

[2] Pl.'s Mot. for Kansas Attorney General to Intervene (doc. 36) at 2.

## II. Discussion

Motions to intervene are governed by Federal Rule of Civil Procedure 24. Subsection (a) of Rule 24 allows for intervention of right, while subsection (b) allows for permissive intervention. Both subsections require that the motion be made by the person or entity seeking to intervene.[3] Furthermore, subsection (c) of Rule 24 states that a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."[4]

The instant motion must be denied for several reasons. First, the motion is filed by Plaintiff rather than the Kansas Attorney General.[5] Second, the motion does not set out the grounds for intervention. Plaintiff makes no attempt to provide any of the information the Court would need to determine whether intervention should be granted as of right or on a permissive basis. Third, the motion is not accompanied by a pleading setting out the claim or defense for which intervention is sought. Fourth, and finally, this Court has granted Defendants' Motion to Dismiss and entered judgment in favor of Defendants. Unless and until the Court should grant Plaintiff's Motion for Reconsideration on the Court's Order dismissing the case, there is no active case in which any party may intervene.

[3]7C Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* (3d ed. 2007) § 1914 at 513 (citing *Braniff Airways, Inc. v. Curtiss-Wright Corp.*, 411 F.2d 451, 455 (2d Cir. 1969)).

[4]Fed. R. Civ. P. 24(c).

[5]The Court notes that ir previously denied a similar motion to intervene brought by Plaintiff on grounds that Plaintiff, rather than the Kansas Attorney General, was the moving party. *See* June 9, 2010 Order (doc. 28).

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion for Kansas Attorney General to Intervene" (doc. 36) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 16th day of September 2010.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and pro se parties