# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LAWRENCE L. KELLY,    )
                      )
            **Plaintiff,**    )
                      )
v.                    )    CIVIL ACTION
                      )    No: 09-2188-KHV
MYRTLE WILSON,        )
et al.,               )
                      )
            **Defendants.**    )
_____)

## MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE

Lawrence L. Kelly, pro se, filed this action against the United States Department of Housing and Urban Development ("HUD") and HUD employees Myrtle Wilson and Bryan Green. Plaintiff alleges that defendants violated the Fair Housing Act, 42 U.S.C. §§ 3601 et seq., and seeks damages in excess of $3,000,000. On June 30, 2010, the Court dismissed the case without prejudice for failure to properly serve defendants under Fed. R. Civ. P. 4(i). See Doc. #30. This matter comes before the Court on Plaintiff's Motion To Reconsider (Doc. #32) filed July 13, 2010. For reasons set forth below, the Court finds that plaintiff's motion should be overruled.

### Factual and Procedural Background

Plaintiff filed suit on April 14, 2009. On July 15, 2009, plaintiff filed a motion for default judgment. See Doc. #8. The Court overruled plaintiff's motion because plaintiff had not served defendants as required by Rule 4(i) and default judgment was not proper under Fed. R. Civ. P. 55. See Memorandum And Order (Doc. #11) filed September 29, 2009. The Court directed plaintiff to file proof of service. Id. at 4. On January 8, 2010, defendants filed a motion to dismiss for lack of jurisdiction. Defendants pointed out that plaintiff had failed to comply with the Court's order to properly serve them, and also asserted that sovereign immunity bars plaintiff's claims. See Doc. #15. The Court sustained defendants' motion based on failure to effect service of process and

-1-

dismissed the case without prejudice. See Memorandum And Order (Doc. #30) filed June 30, 2010.

Plaintiff asks the Court to reconsider dismissal. He asserts that the Court is responsible to serve defendants and states that he "assumed they were served properly by the Court." See Doc. #32. Defendants respond that the Court should overrule the motion to reconsider because (1) plaintiff still has not demonstrated service of defendants as required by Rule 4(i), Fed. R. Civ. P., and (2) sovereign immunity bars his claims.

## **Legal Standards**

The Federal Rules of Civil Procedure do not recognize motions to reconsider. Hatfield v. Bd. of County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir. 1995). As a result, this Court typically construes any self-styled motion to reconsider a dispositive order or judgment as either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order. Johnson v. Gilchrist, No. 09-3063-SAC, 2010 WL 750256, at *1 (D. Kan. Mar. 2, 2010) (citing Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995)). Because plaintiff filed the motion within 28 days of the judgment, the Court construes it as a Rule 59(e) motion to alter or amend judgment.[1]

A party seeking to alter or amend a judgment pursuant to Rule 59(e) must establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. Brown v. Presbyterian Healthcare

---

[1] If a party files a motion to reconsider more than 28 days after entry of the dispositive order or judgment, the Court treats the motion as a Rule 60(b) motion for relief from judgment or order. See Fed. R. Civ. P. 60(c)(1) (Rule 60(b) motion "must be made within a reasonable time" and if motion brought under subsections (b)(1), (2) or (3), no more than year after entry of judgment or order).

-2-

Servs., 101 F.3d 1324, 1332 (10th Cir. 1996).

## **Analysis**

Plaintiff asserts that the Court erred in dismissing his case because (1) he assumed that the Court had properly served defendants and (2) the Court did not address the merits of his Fair Housing Act claims. As to the issue of service, defendants point out that despite the Court's clear instruction to plaintiff to effectuate service of process as required by Rule 4(i), plaintiff has not done so. Further, plaintiff's pro se and in forma pauperis status does not excuse the obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure. See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).[2]

Failure to properly serve defendants was not the only flaw in plaintiff's case. Defendants correctly point out that plaintiff's claims are barred by sovereign immunity. Although plaintiff claims subject matter jurisdiction through diversity of citizenship under 28 U.S.C. §§ 1332 and 1343, the United States is not a citizen for purposes of diversity jurisdiction. See Gen. Ry. Signal Co. v. Corcoron, 921 F.2d 700, 703 (7th Cir. 1991) (United States not citizen for diversity purposes; agencies of United States likewise cannot be sued in diversity); Weeks Constr., Inc. v. Oglala Sioux Hous. Auth., 797 F.2d 668, 676 n.10 (8th Cir. 1986) (as instrumentality of United States, HUD not citizen of any state for diversity purposes). Further, to establish subject matter jurisdiction over the United States, plaintiff must show that Congress has explicitly waived sovereign immunity. See O'Brien v. United States, 18 F. Supp.2d 1356, 1358 (N.D. Ga. 1998). Plaintiff has not done so in this case. See Buaiz v. United States, 471 F. Supp.2d 129, 134-135 (D. D.C. 2007) (plaintiff must

---

[2] When a court permits a plaintiff to proceed in forma pauperis, the court must direct the United States Marshals Service to effectuate service of process. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); see Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Plaintiff must provide the Marshals Service sufficient information, however, to effectuate service. See, e.g., Rochon v. Dawson, 828 F.2d 1107, 1110 (1987) ; cf. Richardson v. Johnson, 598 F.3d 734, 738-40 (11th Cir. 2010); Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995).

overcome defense of sovereign immunity to establish jurisdiction). Further, as defendants asserted in their motion to dismiss, sovereign immunity bars plaintiff's Bivens claims against defendants in their official capacities. See Simmat v. United States Bureau Of Prisons, 413 F.3d 1225 (10th Cir. 2005) (citing Bivens v. Six Unknown Named Agents Of Fed. Bureau of Narcotics, 403 U.S. 388, 395-97 (1971)); see also Cogswell v. United States, 353 Fed. Appx.175, 176 (10th Cir. 2009) (in bringing suit against public official in official capacity, plaintiff improperly asserted jurisdiction based on Bivens). Defendants argue that because sovereign immunity bars all of plaintiff's claims, the Court should not give him another opportunity to effectuate service.

Plaintiff asserts that the Court did not address his Fair Housing Act claims. Because plaintiff never properly served defendants, however, the Court properly did not reach the merits of plaintiff's claims. Plaintiff has not addressed how the Court erred in that determination.

As noted above, the Court may grant a motion under Rule 59(e), Fed. R. Civ. P., to correct manifest errors of law or to allow newly discovered evidence. Plaintiff has not shown availability of new evidence or the need to correct manifest errors of law. For these reasons, and for substantially the reasons set forth in Defendants' Response In Opposition To Plaintiff's "Motion To Reconsider" (Doc. #34) filed July 20, 2010, the Court finds that plaintiff's motion to reconsider should be overruled.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Reconsider (Doc. #32) filed July 13, 2010 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that because the Court has now resolved the issue of sovereign immunity adversely to plaintiff, plaintiff show cause in writing **on or before October 18, 2010** why the Court should not convert the order of dismissal without prejudice to an order of dismissal with prejudice.

Dated this 4th day of October, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge